IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: GLUCAGON-LIKE PEPTIDE-1 RECEPTOR AGONISTS (GLP-1 RAS) PRODUCTS LIABILITY LITIGATION | MDL NO. 3094<br><br>THIS DOCUMENT RELATES TO ALL CASES<br><br>JUDGE KAREN SPENCER MARSTON |
| **JAMES KEVIN HAGERTY, INDIVIDUALLY, AND AS PROPOSED PERSONAL REPRESENTATIVE OF THE ESTATE OF BETTY LOU WILLIAMS**<br><br>Plaintiff(s)<br><br>v.<br><br>**NOVO NORDISK, INC.; NOVO NORDISK A/S**<br><br>Defendant(s). | COMPLAINT AND JURY DEMAND CIVIL ACTION NO.:_____ |

**SHORT FORM COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff(s) named below, by and through the undersigned counsel, file(s) this *Short-Form Complaint and Demand for Jury Trial* against the Defendants selected below. Plaintiff(s) adopt(s) and incorporate(s) by reference the allegations, claims, and the relief sought in *Plaintiffs' Amended Master Long Form Complaint and Demand for Jury Trial (ECF 481) ("Master Complaint")*, and any subsequent amended versions of such Master Complaint, filed in *In Re: Glucagon-Like Peptide-1 Receptor Agonists (GLP-1 RAs) Products Liability Litigation*, MDL No. 3094 in the United States District Court for the Eastern District of Pennsylvania, as it relates to the selected Defendants and Causes of Action. Plaintiff(s) file(s) this *Short-Form Complaint* as permitted by Case Management Order ("CMO") No. 27 (ECF 503-1).

1

**IDENTIFICATION OF PARTIES**

**Plaintiff(s)**

1. Full (first, middle, and last) name of Plaintiff injured/deceased due to use of GLP-1 RA Product(s): Betty Lou Williams                                                                                      .

2. If applicable, full name(s) and representative capacity of Plaintiff(s) alleging wrongful death claim: James Kevin Hagerty, Individually and                                  , as Proposed Personal Representative                                                              of the estate of  Betty Lou Williams                  , deceased.

3. If applicable, full name(s) of Plaintiff(s) alleging survival claims, as permitted under state law(s): James Kevin Hagerty                                                                        .

4. If applicable, full name(s) of Plaintiff(s) alleging loss of consortium or loss of services:       N/A                                                                                                                    .

**Defendant(s)**

5. Plaintiff(s)/Decedent's Representative is/are suing the following Defendant(s) (check all that apply):

   __X__ Novo Nordisk Inc.

   __X__ Novo Nordisk A/S

   _____ Eli Lilly and Company

   _____ Lilly USA, LLC

   _____ other(s) (identify): _____

2

## JURISDICTION AND VENUE

6. City and state of Plaintiff(s)' current residence (or in a case brought on behalf of a Decedent, Decedent's last permanent residence):

   Tuscon, Arizona

7. State where Plaintiff/Decedent was prescribed the GLP-1RA Product(s) at issue:

   Arizona

8. State of Plaintiff's/Decedent's residence at time of their use of the GLP-1RA Product(s) at issue:

   Arizona

9. City and state of Plaintiff(s)'/Decedent's residence at time of diagnosis of injury:

   Tuscon, Arizona

10. Jurisdiction is based on:

    __X__   diversity of citizenship pursuant to 28 U.S.C. § 1332

    _____   other (plead in sufficient detail as required by applicable rules):

    _____

    _____

11. The District Court(s) where Plaintiff(s) might have otherwise filed this Short Form Complaint, absent this Court's CMO No. 14, and/or to where remand could be ordered:

    United States District Court for the District of Arizona

12. Venue is proper in the District Court identified in Paragraph 11 because:

    __X__   a substantial part of the events and omissions giving rise to Plaintiff(s)' claims occurred there

_____ other (plead in sufficient detail as required by applicable rules):

_____

_____

13. If applicable, identify the citizenship of any additional Defendant(s) named above:

N/A

**PRODUCT USE**

14. Plaintiff/Decedent used the following GLP-1 RA Product(s) for which claims are being asserted in this case (check all that apply):

  __X__ Ozempic (semaglutide)

  _____ Wegovy (semaglutide)

  _____ Rybelsus (oral semaglutide)

  _____ Victoza (liraglutide)

  _____ Saxenda (liraglutide)

  _____ Trulicity (dulaglutide)

  _____ Mounjaro (tirzepatide)

  _____ Zepbound (tirzepatide)

  _____ Other(s) (specify):_____

15. To the best of Plaintiff(s)' knowledge, Plaintiff/Decedent used GLP-1 RA Product(s) during the following approximate date range(s) (month(s) and year(s)) (if multiple products, specify date range(s) for each product):

  January, 2021 to December, 2021

**INJURIES AND DAMAGES**

16. To the best of Plaintiff(s)' knowledge, as a result of using GLP-1 RA Product(s), Plaintiff/Decedent suffered the following injuries, including their sequelae (check all that apply):

    \_\_\_\_\_ Gastroparesis

    \_\_\_\_\_ Other gastro-intestinal injuries (specify):

    __X__ Ileus

    \_\_\_\_\_ Ischemic Bowel/Ischemic Colitis

    __X__ Intestinal Obstruction

    \_\_\_\_\_ Necrotizing Pancreatitis

    \_\_\_\_\_ Gallbladder Injury (specify)

    \_\_\_\_\_ Micronutrient Deficiency

    \_\_\_\_\_ Wernicke's encephalopathy

    \_\_\_\_\_ Aspiration

    __X__ Death

    \_\_\_\_\_ Additional/Other(s) (specify): _____

17. Plaintiff's/Decedent's injuries occurred in approximately (month and year)?

    December, 2021

18. In addition, as a result of Plaintiff's/Decedent's use of GLP-1 RA Product(s), Plaintiff(s) suffered personal and economic injuries, pain and suffering, emotional distress, mental anguish, and the following damages (check all that apply):

    \_\_\_\_\_ Injury to self

    __X__ Injury to person represented

    \_\_\_\_\_ Economic loss

    __X__ Wrongful death

    \_\_\_\_\_ Survivorship

    \_\_\_\_\_ Loss of services

    \_\_\_\_\_ Loss of consortium

    \_\_\_\_\_ other(s) (specify): _____

## CAUSES OF ACTION

19. In addition to adopting and incorporating by reference the Master Complaint as stated above, more specifically, Plaintiff(s) hereby adopt(s) and incorporate(s) by reference the following Causes of Action and allegations asserted in the Master Complaint (check all that apply):

    _X_   Count I:     Failure to Warn – Negligence

    _X_   Count II:    Failure to Warn – Strict Liability

    _X_   Count III:   Breach of Express Warranty/Failure to Conform to Representations

    _X_   Count IV:   Breach of Implied Warranty

    _X_   Count V:    Fraudulent Concealment/Fraud by Omission

    _X_   Count VI:   Fraudulent/Intentional Misrepresentation

    _X_   Count VII:  Negligent Misrepresentation/Marketing

    _X_   Count VIII: Strict Product Liability Misrepresentation/Marketing

    _X_   Count IX:   Innocent Misrepresentation/Marketing

    ____   Count X:    Unfair Trade Practices/Consumer Protection (see below)

    _X_   Count XI:   Negligence

    ____   Count XII:  Negligent Undertaking

    ____   Count XIII: State Product Liability Act (see below)

    ____   Count XIV: Wrongful Death

    ____   Count XV:  Loss of Consortium

    ____   Count XVI: Survival Action

    ____   Other(s) (specify, and on separate pages, plead additional facts supporting any above claim in sufficient detail as required by applicable rules):

_____

_____

_____

_____

20. If Plaintiff(s) is/are asserting a claim pursuant to the unfair trade practices or consumer protection statutes of any jurisdiction as identified in Count X above:*

    a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

    b. Identify the factual allegations supporting those claims (by subsection, if applicable):

*\* Plaintiffs asserting any such claims are on notice that "failure to identify [these claims] with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 74 n.33.*

21. If Plaintiff(s) is/are asserting a claim pursuant to the Product Liability Act ("PLA") of any jurisdiction as identified in Count XIII above:*

   a. Indicate the specific statute (including subsections) under which Plaintiff(s) is/are bringing such claims:

**The Arizona PLA, codified at Ariz. Rev. Stat. Ann. § 12-681, *et seq.*, may apply but does not constitute a separate count because it does not subsume claims.**

   b. Identify the legal theories identified in Paragraph 19 above (*e.g.*, negligent failure to warn, fraud, etc.) that are subsumed within Plaintiff(s)' PLA claim:

**None.**

   c. Identify the factual allegations supporting those claims:

**In January of 2021, Plaintiff was prescribed Ozempic for management of her diabetes and started taking it soon thereafter. Plaintiff took Ozempic consistently and as prescribed through December of 2021. On or about November 27, 2021, Plaintiff was taken to the emergency room because she had been having abdominal pain. She was admitted to the hospital where she was diagnosed with a high-grade bowel obstruction. Plaintiff required surgery to treat the obstruction. After surgery, Plaintiffs abdominal pain continued. In or around December 6, 2021 Plaintiff was diagnosed with an ileus. On December 11, 2021, Plaintiff passed away due to her ileus.**

**In addition, Plaintiff incorporates the following paragraphs from the Master Complaint by reference:**
**Count I: Failure to Warn - Negligence (¶¶ 606-640)**
**Count III: Breach of Express Warranty/Failure to Conform to Representations (¶¶ 675-698)**
**Count IV: Breach of Implied Warranty (¶¶ 699-779)**
**Count VI: Fraudulent/Intestinal Misrepresentation (¶¶ 780-800)**
**Count VII: Negligent Misrepresentation/Marketing (¶¶ 801-824)**
**Count IX: Innocent Misrepresentation/Marketing (¶ 849)**
**Count X: Unfair Trade Practices/Consumer Protection (¶¶ 850-865)**
**Count XI: Negligence (¶¶ 866-880)**
**Count XII: Negligent Undertaking (¶¶ 881-903)**
**Count XIII: State Product Liability Acts (¶¶ 904-911)**

   *\* Plaintiffs asserting any such PLA claims are on notice that "failure to identify the PLA claims with the requisite specificity will result in the short form complaint being stricken with only one opportunity to amend." Opinion (ECF 465) at 76 n.35.*

22. If pre-suit notice is required by statute, did Plaintiff(s) provide some form of separate pre-suit notice to Defendant(s)? **Notice is not required**. If so, attach such notice.

**RELIEF**

Plaintiff(s) pray(s) for relief and judgment against Defendants of compensatory damages, punitive and/or exemplary damages, interest, costs, attorneys' fees, and such further relief as the Court deems equitable and just, and as set forth in the *Master Complaint*, as appropriate, and any additional relief to which Plaintiff(s) may be entitled.

**JURY DEMAND**

Plaintiff(s) hereby demand(s) a trial by jury as to all claims triable by jury in this action.

Date: <u>January 23, 2026</u>

By:

    <u>Craig Silverman, Esq.</u>

    <u>NY Atty ID: 4290472</u>

    <u>120 Broadway Floor 27 NY, NY 10271</u>

    <u>csilverman@triallaw1.com</u>

    <u>212-266-4125</u>

    <u>Sullivan Papain Block McManus Coffinas and Cannavo P.C.</u>

Name(s), Bar Number(s), Law Firm(s), Mailing Address(es), Email Address(es), and Phone Number(s) of Attorney(s) representing Plaintiff(s).